IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIGDALIA SAEZ SANTOS, GERMAN DIAZ CRUZ AND THE CONJUGAL PARTNERSHIP FORM BETWEEN THEM<br>　　　　Plaintiffs<br><br>vs.<br><br>SCOTIABANK OF PUERTO RICO, INC., TRIPLE –S PROPERTY<br>　　　　Defendants | CIVIL NO._____<br><br>CLAIM FOR DAMAGES<br><br>Plaintiffs Request Trial by Jury |

COMPLAINT

TO THE HONORABLE COURT

Come now the plaintiffs, through their undersigned attorney, and respectfully state, allege and pray:

1　　JURISDICTION AND VENUE

1.1　　This Honorable Court has jurisdiction over this civil action pursuant to 28 U.S.C. sec. 1332, as amended, where the matter in controversy exceeds the sum or value of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), exclusively of interest and costs, and is between defendants; who are companies incorporated, doing business and their principal place of businesses and headquarters are located in the

Case 3:14-cv-01629-JAG   Document 1   Filed 08/17/14   Page 2 of 8

Migdalia Saez Santos, et al vs. Scotiabank of Puerto Rico, Inc..,et al.
COMPLAINT
Page 2

Commonwealth of Puerto Rico; and the plaintiffs, who are with domicile in Saint Petersburg, Florida.

1.2 Venue is proper pursuant to 28 U.S.C. sec. 1391 as the events and omissions giving rise to the claim alleged in the Complaint occurred in San Juan, Puerto Rico that is within the Judicial District of Puerto Rico.

1.3 The facts set forth in this Complaint are also actionable under Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 Laws of Puerto Rico Annotated., sec. 5141and 5142, therefore plaintiffs request ancillary jurisdiction.

1.4 Plaintiffs demand trial by jury.

2 PARTIES

2.1 Migdalia Saez Santos, herein after referred to as Migdalia, is of legal age, married to Germán Díaz Cruz, and both are citizens of the United States of America with domicile and residence at 200 72nd Ave. N. Apt. 1114, Saint Petersburg Fl 33702

2.2 Scotiabank of Puerto Rico, Inc. is a corporation created and organized under the laws of the Commonwealth of Puerto Rico; and with its principal place of business and headquarters at San Juan, PR; who is

Case 3:14-cv-01629-JAG   Document 1   Filed 08/17/14   Page 3 of 8

Migdalia Saez Santos, et al vs. Scotiabank of Puerto Rico, Inc..,et al.
COMPLAINT
Page 3

the owner and operator of a branch office at Ponce De Leon Avenue in Santurce, Puerto Rico.

2.3    Triple S- Property is an insurance company authorized to do business in Puerto Rico, organized under the laws of the Commonwealth of Puerto Rico that issued a commercial liability policy which provides defense and coverage to Scotiabank of Puerto Rico, Inc, a corporation citizen of Puerto Rico, for the claim and damages alleged in this complaint.

3    THE CLAIM

3.1    On October 17, 2012, Migdalia, at about 11:00 a.m., suffered a very serious accident inside Scotiabank's branch office located at the Ponce De Leon Avenue in Santurce, Puerto Rico. The accident occurred due only and directly to the lack of due diligence displayed by Scotiabank's employees and agents, because they did not turn off the check point machine that was located in the entrance of the bank's branch office. In that day an hour Migdalia's mother entered the bank first and told the manager that her daughter had an electrical equipment inside her body

Case 3:14-cv-01629-JAG   Document 1   Filed 08/17/14   Page 4 of 8

Migdalia Saez Santos, et al vs. Scotiabank of Puerto Rico, Inc..,et al.
COMPLAINT
Page 4

(neuro stimulator) and that for her to get through the check point tunnel the machine had to be completely turned off. After a couple of seconds, the manager returned and told Migdalia's mother that he had completely turned off the machine and that it was safe for her daughter to use the check point tunnel to get inside the bank. Migdalia's mother signaled her daughter that it was safe for her to enter the bank, but when Migdalia opened the first crystal door and got inside the check point tunnel the magneto of both crystal doors locked immediately and the x rays of the machine started to damage the neuro stimulator that she was carrying inside of her and caused her enormous pain and disturbance. When Migdalia finally went through the tunnel and got inside the bank she told the bank's branch manager that they had damaged her neuro stimulator machine because they did not turn off the check point machine. Migdalia's accident was caused by the defendant's lack of diligence by creating or allowing the formation and existence of the dangerous condition that was to allow her to pass through a machine that was still on even though they were aware of the fact that Migdalia was carrying a neuro stimulator electrical machine inside of her body. At the above stated time and place, defendant, Scotiabank of Puerto Rico, Inc., through its

Case 3:14-cv-01629-JAG   Document 1   Filed 08/17/14   Page 5 of 8

Migdalia Saez Santos, et al vs. Scotiabank of Puerto Rico, Inc..,et al.
COMPLAINT
Page 5

employees and as owner, operator and administrator of the Scotiabank located at Ponce De Leon Avenue in Santurce carelessly, negligently and with the previous knowledge and warning allowed the existence of a foreseeable dangerous and hazardous condition to the health and safety of patron Migdalia Saez Santos causing her extensive physical, economical and emotional damages.

3.1     Defendant Scotiabank of Puerto Rico, Inc. was informed of the occurrence of the accident that same day when Migdalia filed an Accident Report. Later Migdalia was contacted by the Insurance Company co defendant Triple -S Property who started an investigation and made several written communications to the Plaintiffs through their attorney. The last of the written communications made by the Scotiabank's insurance company is dated August 20, 2013.

4   CAUSE AND RELATION

4.1     Migdalia's accident occurred and was caused, because defendant, Scotiabank of Puerto Rico, Inc., through its agents and employees,

Case 3:14-cv-01629-JAG   Document 1   Filed 08/17/14   Page 6 of 8

Migdalia Saez Santos, et al vs. Scotiabank of Puerto Rico, Inc..,et al.
COMPLAINT
Page 6

negligently maintained, created, or allowed the formation and existence of the dangerous condition that was to allow the first to pass through a machine that was still functioning even though they were aware of the fact that Migdalia was carrying a neuro stimulator electrical machine inside of her body. At the above stated time and place, defendant, Scotiabank of Puerto Rico, Inc., through its employees, agents and as owner, operator and administrator of the Scotiabank located at Ponce De Leon Avenue in Santurce, carelessly, negligently and with the previous knowledge and warnings allowed the existence of a foreseeable dangerous and hazardous condition to the health and safety of her customer Migdalia Saez Santos. Plaintiff's injuries and damages are the proximate result of the defendant's liability by knowingly allowing and maintaining a dangerous condition inside its premises. Such civil liability is established and discussed in Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 Laws of Puerto Rico Annotated. Sec.5142 and 5143.

5       DAMAGES

5.1         As a direct and proximate cause of defendant's, negligent and tortuous conduct, plaintiff, Migdalia, suffered and will continue to suffer from the severe physical trauma and emotional distress of going through

Case 3:14-cv-01629-JAG   Document 1   Filed 08/17/14   Page 7 of 8

Migdalia Saez Santos, et al vs. Scotiabank of Puerto Rico, Inc..,et al.
COMPLAINT
Page 7

various surgical procedures and treatments to repair and replace the costly IPG (neuro stimulator machine) that she carried inside on her on October 17, 2012, and that was damaged as a direct result of the defendant's negligence. Due to the defendant's negligence Migdalia also had to go through multiple medical visits, tests, evaluations and treatments with pain killers. As an effective result of the accident that is alleged in this complaint, Migdalia experimented, experiments and will continue to experiment pains, medical treatment (with economical expenses such as medical treatment, equipment and medications), sufferings and sorrows for which she should be compensated in the sum of non less than THREE MILLION DOLLARS ($3,000,000.00).

5.2    Co plaintiff, German Diaz Cruz, had suffered and will continue to suffer from the emotional and economical distress and sorrows due to his fiancée and now wife's sufferings, pains and complications. Those emotional and economical damages should be compensated in the sum of none less than TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.000).

Case 3:14-cv-01629-JAG   Document 1   Filed 08/17/14   Page 8 of 8

Migdalia Saez Santos, et al vs. Scotiabank of Puerto Rico, Inc..,et al.
COMPLAINT
Page 8

THEREFORE it is respectfully request from this Honorable Court and the Honorable Jury that a judgment be entered jointly against all the defendants, awarding damages to the plaintiffs in the amount of non less of THREE MILLION TWO HUNDRED FIFTY DOLLARS ($2,250,000.00), plus the legal interest from the day of the filing of this complaint, costs, expenses, disbursements and a reasonable amount for attorney's fees.

RESPECTFULLY SUBMITTED

In San Juan, PR., as of this 15th day of August, 2014.

/S/ William Nadal Colón

WILLIAM NADAL COLON
USDC-PR:  206914
NADAL LAW OFFICES
PO BOX 364231
SAN JUAN, PR  00936-4231
TEL. (787) 998-1340
FAX. (787) 273-1085
wnadalcolon@yahoo.com
nadallawoffice@yahoo.com